IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

REEVES MANUFACTURING, INC. :

v. : CIVIL ACTION NO. S-01-3023

SST FABRICATION, LLC., et al. :

## ORDER

This lawsuit culminated in summary judgment entered in favor of Defendants on July 18, 2002. (*See* Paper Nos. 29 and 30). No appeal has been taken. Defendants filed a timely Bill of Costs pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920. (*See* Paper No. 31). No objection has been filed. Nonetheless, Defendants are not entitled to all of the costs sought.

Defendants are, of course, statutorily entitled to the $150.00 filing fee paid to the Court upon removal of this action from State court.

Defendants seek $2,402.05 for deposition expenses. Deposition costs of the type sought here may be taxed under Fed. R. Civ. P. 54(d) where they are necessary for the case. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987). To determine if a deposition expense is taxable, a Court must "consider the extent of actual use of each deposition and whether the taking was reasonably necessary to the party's case in light of the particular situation existing at the time of taking." It is not necessarily fatal to taxation that a deposition was not introduced or otherwise used at the trial. *See Advance Business Systems & Supply Co. v. SCM Corporation*, 287 F. Supp. 143, 165 (Md. 1968), *aff'd* as modified, 415 F.2d 55 (4th Cir. 1969); *see also Lavay Corp. v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987). While a judge may allow a deposition expense if the taking of that deposition was "reasonably necessary" in "light of the particular situation existing at the time of the taking," the Clerk's authority is more limited. In this district, the Clerk has traditionally allowed the costs associated with depos-

ing the parties in the case, and also has allowed depositions that were actually used in connection with the event that terminated the litigation; transcript copies of depositions taken by opposing counsel; and trial witness depositions.  Here, the deposition expenses sought appear to fall within these guidelines.  Thus, the undersigned, having reviewed the taxation request, will grant it in full, minus $172.00 for postage, handling, minuscript fees, reading and signing, and "archiving" costs, which are deemed regular office overhead.

Prior to the mid-1980's, the Clerk of this Court historically viewed copy work as general office overhead and disallowed the recovery of said item under 28 U.S.C. § 1920.  ***Advance Business Systems & Supply Co. v. SCM Corporation***, 287 F. Supp. at 165.  However, holdings of this Court have caused the Clerk to reconsider this position.  In the case of ***Stratton v. Equitable Bank***, Civil Action No. HAR-88-1485, Senior District Judge John Hargrove found that "[P]hotocopying charges for pleadings are taxable only to the extent that the copies are used as court exhibits or are furnished to the court or opposing counsel pursuant to procedural rules." *c.f.* ***Sun Publishing Company, Inc. v. Mecklenburg News, Inc.***, 594 F. Supp. 1512, 1524 (E.D. Va. 1984).  *See also* ***Purity Products, Inc. v. Tropicana Products, Inc.***, Civil Action No. H-86-2319.

Defendants could be awarded copy work costs associated with notices, responses, motions, briefs, and memoranda filed with this Court and counsel pursuant to Local Rules 103.5 and 105.  Defendants have failed to provide any invoices for the photocopying costs, however, and have not identified why the copies were made.  Thus, this item of cost will be denied in its entirety, subject to appeal to the Court.

Accordingly, costs are hereby awarded in favor of Defendants in the amount of $2,380.05. A copy of this Order shall be docketed and mailed to counsel.

DATED this 23rd day of August, 2002.

_____
Felicia C. Cannon
Clerk of Court